UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Matthew Cotoni

    v.                                        Case No. 23-cv-271-SM-AJ

Chris Hollins, et al.

### Report and Recommendation

Matthew Cotoni, who is incarcerated and proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that New Hampshire State Prison employees violated his Eighth Amendment rights and that the Warden, Michelle Edmark, and the New Hampshire Department of Corrections Commissioner, Helen Hanks, failed to investigate or answer his grievance forms. The complaint is referred for preliminary review under LR 4.2(d)(2) and 28 U.S.C. § 1915(e)(2).

### Preliminary Review Standard

The magistrate judge is authorized to conduct preliminary review of actions that are filed in forma pauperis. LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d).

In conducting preliminary review, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in the plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While the court construes an unrepresented plaintiff's complaint liberally, the complaint must, nevertheless, include "the crucial detail of who, what, when, where, and how in order to provide fair notice of what the claims are and the grounds upon which they rest." Ngapey v. CMG Mortg., Inc., No. 2:24-CV-00004-NT, 2024 WL 3624331, at *3, 2024 U.S. Dist. LEXIS 135888, at *7 (D. Me. July 31, 2024), R&R adopted, 2024 WL 3949486, 2024 U.S. Dist. LEXIS 153273 (D. Me. Aug. 27, 2024) (cleaned up). In addition, the court must ignore "conclusory allegations, improbable inferences, and unsupported speculation." Hostar Marine Transp. Sys., Inc. v. United States, 592 F.3d 202, 207 (1st Cir. 2010) (quoting Sutliffe v. Epping Sch. Dist., 584 F.3d 314, 325 (1st Cir.2009)).

## Background

Cotoni alleges that he was incarcerated at the New Hampshire State Prison for Men in Concord, New Hampshire (Concord prison), on December 3, 2020, when the prison chef,

Chris Hollins, refused to serve him lunch.[1] Hollins said that Cotoni had already been served lunch. Cotoni replied that Hollins was making a mistake and showed his identification.

Hollins's supervisor, Scott Partridge, overheard the exchange and told Hollins: "'Just slam the door on his head.'" Doc. no. 1, at 2. Hollins then shut the door, getting Cotoni's "head stuck in the sliding flap door and popped [Cotoni's] plate out of place in [his] traumatic brain injury which caused permanent damage and trauma to [his] skull for the rest of [his] life." Id. Cotoni alleges that he continues to have serious physical issues related to that incident.

Cotoni alleges that he wrote inmate request slips and grievance forms about the incident that were ignored. He also alleges that staff wrote disciplinary reports when he would try to send inmate request slips and grievances to the Commissioner, Warden, and other officials. Cotoni told Major Stefanzik that he was being written up when he tried to submit inmate request slips about the head injury incident, but Major Stefanzik denied getting any inmate request slips.

In the aftermath of the head injury, Cotoni alleges that prison medical staff did not give him medication, which caused him to have seizures. He also alleges that staff did not

---

[1] Cotoni is now at the Northern Correctional Facility in Berlin, New Hampshire (Berlin prison).

transport him to Concord Hospital for an EEG brain wave test that hospital personnel prescribed when Cotoni was there. He further alleges that he gets no medical treatment now that he has been moved to the Berlin prison.

Cotoni is seeking compensatory and punitive damages. He is also seeking medical treatment for his head injury. Although Cotoni asks that he be released from prison and that criminal charges be brought against Hollins for assault, those remedies are not available under § 1983.

## Discussion

Cotoni asserts claims for excessive force in violation of the Eighth Amendment, medical neglect, and lack of response and improper response to his request slips and grievances. "Section 1983 provides a cause of action for monetary damages against state actors sued in their individual capacities who acted under color of state law to deprive plaintiff of a right guaranteed by the Constitution or by federal law." Segrain v. Duffy, 118 F.4th 45, 56 (1st Cir. 2024) (internal quotation marks omitted).

### A. Excessive Force – Eighth Amendment

The Eighth Amendment prohibits infliction of "cruel and unusual punishments" on prisoners. U.S. Const. amend. VIII. To state an Eighth Amendment excessive force claim, a plaintiff must allege facts to establish that the defendants' actions were "objectively harmful enough to establish a constitutional

4

violation" and that subjectively the force was applied "maliciously and sadistically for the very purpose of causing harm." Segrain, 118 F.4th at 56, 61 (cleaned up). Cotoni's allegations that Hollins intentionally shut the lunch line door on his head and the resulting injuries state an Eighth Amendment excessive force claim. In an order issued this date, the court directs service of the Eighth Amendment excessive force claim upon Hollins.

B. Medical Care – Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment also protects prisoners from "deliberate indifference to serious medical needs" by prison staff. Zingg v. Groblewski, 907 F.3d 630, 634-35 (1st Cir. 2018) (internal quotation marks omitted). To state an Eighth Amendment medical care claim, a plaintiff first must allege facts that establish "a medical need that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. at 635 (internal quotation marks omitted). Then, if that standard is met, the plaintiff must also allege facts that show the defendants were deliberately indifferent to his health or safety. Id.

Cotoni alleges a serious head injury and serious medical needs following that injury. He alleges that prison medical

5

staff at the Concord prison refused him medication and stopped medication that he had been taking, which resulted in him having seizures and headaches. He also alleges that prison medical staff failed to return him to Concord Hospital for a prescribed test. These allegations state an Eighth Amendment medical care claim against unnamed medical staff at the Concord prison.[2] Accordingly, upon Cotoni identifying these defendants and amending his complaint, the court will direct service as to this claim.

    C. Grievances – First and Fourteenth Amendments

Cotoni alleges that Commissioner Hanks and Warden Edmark did not investigate or respond to the inmate request slips and grievances he sent. Prisoners, however, do not have a Fourteenth Amendment due process right to a grievance procedure or to have grievances answered in the circumstances that Cotoni alleges. O'Mara v. N.H. State Prison for Men, No. 22-CV-380-SM, 2023 WL 10477231, at *9, 2023 U.S. Dist. LEXIS 236512, at *24 (D.N.H. Nov. 28, 2023), R&R adopted, 2024 WL 1241905, 2024 U.S. Dist. LEXIS 50957 (D.N.H. Mar. 21, 2024); Doiron v. Brown, No. 21-CV-360-SM, 2022 WL 1607861, at *12, 2022 U.S. Dist. LEXIS 91198 at *24 (D.N.H. Apr. 25, 2022), R&R adopted, 2022 WL 1607294,

---

[2] Although Cotoni also mentions a lack of medical care at the Berlin facility where he is now incarcerated, he does not allege sufficient facts to support that claim.

2022 U.S. Dist. LEXIS 90804 (D.N.H. May 20, 2022). The district judge should dismiss the claim that the Commissioner and Warden violated Cotoni's constitutional rights by failing to investigate or respond to his inmate request slips and grievances.

Cotoni also alleges that officers retaliated against him by writing disciplinary reports when he tried to file inmate request slips or grievances about the head injury incident. "As a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions for engaging in protected speech." Nieves v. Bartlett, 587 U.S. 391, 398 (2019) (cleaned up). "It is well-established that retaliating against an inmate for filing grievances violates that inmate's First Amendment rights." Mattei v. Dunbar, 217 F. Supp. 3d 367, 373-74 (D. Mass. 2016); see also Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011) ("[R]etaliation against a prisoner's exercise of constitutional rights is actionable . . . The plaintiff, in filing his own grievances and legal actions, plainly engaged in protected activity."). For purposes of preliminary review, Cotoni alleges retaliation in violation of the First Amendment. Accordingly, after Cotoni has identified these defendants and amended his complaint, the court will direct service as to this claim.

**Conclusion**

For the foregoing reasons, the district judge should dismiss the Fourteenth Amendment claims related to the failure to investigate or respond to inmate request slips and/or grievances and dismiss defendants Hanks and Edmark from this case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 17, 2024

cc: Matthew Cotoni, pro se